UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BENNY IVAN SMALL,
   Plaintiff,

vs

CLERMONT COUNTY
JAIL/EMPLOYEES, et al.,
   Defendants.

Case No. 1:18-cv-897

Barrett, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, incarcerated at the Clermont County Jail ("CCJ"), has filed a pro se civil rights complaint against defendants Clermont County Sheriff Robert S. Leahy, Clermont County Sheriff's Department, CCJ, "Health Care Administrator, [CCJ]," "Summit Behavioral Center," and Jane and John Does 1-10, alleging that defendants violated his rights under the United States Constitution, the Health Insurance Portability and Accountability Act ("HIPPA"), and Ohio state law between June 1, 2018, and January 12, 2019. (Doc. 4, at PageID 75, 78-88).[1] By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*.

This matter is before the Court for a *sua sponte* review of the complaint (Doc. 4) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

---

[1] Pursuant to the Court's January 9, 2019, Order (Doc. 2), plaintiff submitted a completed complaint (Doc. 4), setting forth his claims. This new, completed complaint (Doc. 4) is the "legally operative complaint." *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). The **CLERK OF COURT** is **DIRECTED** to update the Docket Sheet in this case to reflect the defendants named in the operative complaint (Doc. 4).

I.  **Screening of Complaint**

   A.  **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin,* 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke,* 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token,

2

however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.   Plaintiff's Complaint**

Plaintiff divides his complaint into three claims. In the first claim, which consists of multiple sub-claims, plaintiff complains that: (1) two unnamed Clermont County Sheriff's Department Officers failed to provide him with medical treatment after he blacked out upon seeing a court-ordered psychiatrist; (2) Summit Behavioral Center and an unnamed psychiatrist at Summit Behavioral Center provided him inadequate medical care while he was undergoing a

3

twenty-day inpatient evaluation; (3) an unnamed CCJ Health Care Administrator and/or other unnamed CCJ staff members provided inaccurate medical information to Summit Behavioral Center in violation of HIPPA; (4) the Clermont County Sheriff's Department caused him to miss court on two occasions; and (5) an unnamed nurse at CCJ—"NP Kathy"—denied him proper medical care based on a CCJ policy. (*See* Doc. 4, at PageID 79-84). In the second claim, plaintiff's asserts a conditions-of-confinement claim against defendants CCJ, Clermont County Sheriff's Department, and unnamed CCJ employees. (*See id.* at PageID 85-88). Plaintiff's single-paragraph third claim effectively restates his first and second claims. (*See id.* at PageID 88). For relief, plaintiff seeks monetary and injunctive relief. (*See id.* at PageID 80, 84, 88).

C. Analysis

It is not clear from the complaint (Doc. 4) whether plaintiff is in CCJ serving a sentence or whether he is also a detainee awaiting trial. However, the distinction in his status has no practical effect in this matter because through the Due Process Clause of the Fourteenth Amendment pretrial detainees are entitled to the same Eighth Amendment rights to adequate medical care and conditions of confinement as are other inmates. *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005); *Thompson v. Cty. of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir. 1994). "The clearly established right to be free from deliberate indifference to medical needs extends to an inmate's psychiatric needs." *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018).

At this juncture, without the benefit of briefing by the parties, the undersigned concludes that plaintiff may proceed with his claims against the two unnamed Clermont County Sheriff's Department Officers who allegedly failed to provide plaintiff with medical treatment after he blacked out, the unnamed CCJ nurse (NP Kathy) who allegedly denied plaintiff proper medical

4

care, Clermont County Sheriff Robert S. Leahy based on the allegedly unconstitutional CCJ policy pursuant to which NP Kathy allegedly denied plaintiff proper medical care, and the unnamed CCJ employees who allegedly subjected plaintiff to unconstitutional conditions of confinement. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). However, plaintiff's complaint against the remaining defendants should be dismissed for failure to state a claim upon which relief may be granted.

First, although plaintiff may proceed at this juncture with his claim against Clermont County Sheriff Robert S. Leahy based on the allegedly unconstitutional policy that resulted in an alleged denial of proper medical care, such a claim is an official capacity claim and is treated as a claim against Clermont County, Ohio, the entity of which Sheriff Leahy is an agent. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989); *Kentucky v. Graham*, 473 U.S. 159 (1985); *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff has failed to state a claim against Clermont County Sheriff Robert S. Leahy in an individual capacity, however, because plaintiff has failed to allege facts showing that Sheriff Leahy was personally present or had any involvement in the alleged incidents. "A supervisory employee cannot be held liable under § 1983 for the constitutional torts of those he supervises unless it is shown 'that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).

Next, the complaint should be dismissed as to the Clermont County Sheriff's Department because the Sheriff's Department is not a proper legal entity, and therefore is not subject to suit or liability under 42 U.S.C. § 1983. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991).

5

The complaint should also be dismissed as to CCJ. Only "a person" acting under color of state law is subject to suit or liability under 42 U.S.C. § 1983. A county jail is not a "person" within the meaning of § 1983. *See, e.g., Marbry v. Corr. Med. Services*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000); *Aladimi v. Hamilton Cty. Justice Ctr.*, No. 1:09cv398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2012 WL 529585 (S.D. Ohio Feb. 17, 2012) (Barrett, J.).

The unnamed psychiatrist at Summit Behavioral Center is also entitled to dismissal. "[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Richmond*, 885 F.3d at 937 (quoting *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)); *see also Winkler v. Madison Cty.*, 893 F.3d 877, 890-91 (6th Cir. 2018). However, complaints of malpractice or negligence are insufficient to establish deliberate indifference. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). A prisoner's difference of opinion regarding treatment does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Further, where the prisoner has received some medical treatment and disputes the adequacy of the treatment, the federal courts are reluctant to second-guess prison officials' medical judgment and to constitutionalize claims which sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Plaintiff acknowledges that he received treatment from the unnamed psychiatrist at Summit Behavioral Center. (Doc. 4, at PageID 81). His claim against this defendant is based solely on alleged malpractice (*see id.*), which is insufficient to state a federal claim. *Estelle*, 429 U.S. at 105-06. Because plaintiff has not alleged facts showing that he suffered any constitutional injury at Summit Behavioral Center, defendant Summit Behavioral Center is also entitled to dismissal.

Nor can plaintiff proceed with a claim against any Clermont County Sheriff's Department

employee for allegedly failing to bring him to court on two occassions. "[A] prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil-rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Further, to state a claim for denial of access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996). Plaintiff's conclusory allegations fail to establish whether the cases in which he missed court appearances are included in the right to access the courts. *See Thaddeus*, 175 F.3d at 391. Further, plaintiff has failed to allege facts showing how any claim of his was lost through his alleged missed appearances. *See Lewis*, 518 U.S. at 349.

Finally, plaintiff fails to state a claim under HIPPA against the unnamed CCJ Health Care Administrator and/or other unnamed CCJ staff members. There is no private right of action under HIPPA. *See Henry v. Ohio Victims of Crime Compensation Program*, No. 2:07-cv-0052, 2007 WL 682427, at *2 (S.D. Ohio Feb. 28, 2007) (Kemp, M.J.) (Report & Recommendation), *adopted*, 2007 WL 1114888 (S.D. Ohio Apr. 12, 2007) (Watson, J.).

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's complaint (Doc. 4) be **DISMISSED** with **prejudice**, with the **exception of** plaintiff's claims against the two unnamed Clermont County Sheriff's Department Officers who allegedly failed to provide plaintiff with medical treatment after he blacked out, the unnamed CCJ nurse (NP Kathy) who allegedly denied plaintiff proper medical care, Clermont County Sheriff Robert S. Leahy based on the allegedly unconstitutional CCJ policy pursuant to which NP Kathy allegedly denied plaintiff proper medical care, and the unnamed CCJ employees who allegedly subjected plaintiff to unconstitutional conditions of confinement. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint (Doc. 4), summons, the separate Order issued granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendant Clermont County Sheriff Robert S. Leahy.

2. Plaintiff file a motion to issue service, including United States Marshal and summons forms, if and when plaintiff discovers the identity of the unnamed defendants through discovery.[2] Plaintiff is advised that no service will be issued on the unnamed defendants unless plaintiff complies with this Order.

3. Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

4. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit

3/7/19
Date

Karen L. Litkovitz
United States Magistrate Judge

---

[2] Plaintiff has filed a document titled "Plaintiff's First (1st) Set of Interrogatories Propounded Upon the Defendants." (Doc. 6). First, plaintiff's discovery request is premature. At this time, no defendant has been served with process and the Court has not entered a scheduling order. Further, even after the entry of a scheduling order, the Court notes that discovery requests are not to be filed of record. Fed. R. Civ. P. 5(d). Instead, plaintiff should serve defendants, or if an appearance has been entered by counsel, defendants' attorney(s) directly with such requests; intervention of the Court is neither required nor permitted in most instances. *See* S.D. Ohio Civ. Local Rules 5.4 and 37.1.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BENNY IVAN SMALL,
Plaintiff,

vs

CLERMONT COUNTY
JAIL/EMPLOYEES, et al.,
Defendants.

Case No. 1:18-cv-897

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).